

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

STEVEN EDWARD AUSTIN, #064269                 PLAINTIFF

VERSUS                 CIVIL ACTION NO. 3:05cv24WHB-AGN

MALCOLM E. MCMILLIN and WILLIE JOHNSON                 DEFENDANTS

## MEMORANDUM OPINION

On January 11, 2005, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On February 16, 2005, an order was entered directing the plaintiff to file an amended complaint, within twenty days. The plaintiff was warned in this court's order of February 16, 2005, that failure to timely comply with the requirements of the order or failure to keep this court informed of his current address may lead to the dismissal of his complaint. Plaintiff failed to comply with this order.

On April 18, 2005, the plaintiff was ordered to show cause in writing, within fifteen days, why this case should not be dismissed for failure to comply with this court's February 16, 2005 order. In addition, the plaintiff was directed to comply with the February 16, 2005 order by filing an amended complaint, within fifteen days. The plaintiff was warned in this order that if he failed to timely comply with the order this case would be dismissed without further written notice to the plaintiff. The plaintiff failed to comply with this order.

The plaintiff has failed to comply with or respond to two court orders. It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim. This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the

action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this memorandum opinion will be entered.

This the 31st day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE